**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNY HO, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., <br><br> Defendant. | **Case No.:** ' 18CV0221 WQHJLB <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE:** <br> I.     **CALIFORNIA INVASION OF PRIVACY ACT, CAL. PENAL CODE § 632.7;** <br> II.    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*;** <br> III.   **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.*; AND** <br> IV.   **NEGLIGENCE** <br><br> **JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**INTRODUCTION**

1. The California State Legislature passed CIPA to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. The California legislature has also determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Furthermore, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA makes it unlawful for any person to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A. FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

owed to or guaranteed by the United States. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4. JENNY HO ("Plaintiff") brings this action for damages and injunctive relief against CITIBANK, N.A. ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff without any notification nor warning to Plaintiff in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 632.7 ("CIPA").

5. Plaintiff, by her attorneys, also brings this case to challenge the actions of Defendant with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6. Additionally, Plaintiff through her attorneys, also brings this lawsuit to challenge the actions of Defendant with regard to its autodialed calls to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs,

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

11. This Court has federal question jurisdiction because a substantial part of this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

12. This Court also has supplemental jurisdiction over Plaintiff's California State Law causes of action pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of San Diego, County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant, at all times herein, was doing business in the County of San Diego, State of California.

### PARTIES

14. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national banking association with its principal place of business in New York. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district.

17. Defendant is, and at all times mentioned herein was, a "person", as defined by

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

Cal. Pen. Code § 632(b) and California Civil Code § 1788.2(g).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

19. Sometime prior to 2017, Plaintiff allegedly incurred certain financial obligations to Defendant and subsequently fell behind on the payments.

20. Thereafter, Defendant began placing auto dialed phone calls to Plaintiff's cellular telephone.

21. Plaintiff retained the services of The Law Office of Daniel G. Shay ("DGS") to assist Plaintiff with resolving Plaintiff's alleged debt.

22. On April 4, 2017, DGS transmitted a Letter of Representation ("LOR") to Defendant via U.S. Mail and facsimile.

23. Plaintiff received confirmation that the facsimile was received by Defendant.

24. Said LOR informed Defendant that Plaintiff was a represented party with regard to Plaintiff's alleged debt and provided Defendant with DGS's name and contact information.

25. The LOR also demanded all future communications with regard to Plaintiff's account be sent directly to DGS only.

26. Moreover, the LOR also demanded that Defendant refrain from future contact with Plaintiff's on Plaintiff's cellular telephone.

27. Specifically, said LOR stated, "Client hereby revokes any prior express consent that may have been given to receive telephone calls, especially to Client's cellular telephone . . .."

28. Despite receipt of the LOR, Defendant continued to contact Plaintiff directly

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A.
FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

on Plaintiff's cellular telephones multiple times each day including but not limited to the following calls:

    a.  April 5, 2017 at 8:20 a.m. from 800-388-2200

    b.  April 9, 2017 at 9:11 a.m. from 800-338-2200

    c.  April 13, 2017 at 8:12 a.m. from 800-338-2201

    d.  April 13, 2017 at 11:13 a.m. from 800-338-2200

    e.  April 13, 2017 at 2:15 p.m. from 800-338-2200

    f.  April 17, 2017 at 8:31 a.m. from 800-338-2200

29.  During at least three of the above referenced calls, Plaintiff answered and was greeted by silence prior to having a representative answer the line.

30.  The call on April 13, 2017 at 11:13 a.m. connected. Plaintiff answered and was greeted by a representative identified as "Cory" with Citibank. The parties conversed then Plaintiff advised Defendant that she could not talk to him. The call lasted for roughly one minute.

31.  At no point during the conversation with Plaintiff, did Defendant inform Plaintiff that the call was being recorded.

32.  Upon information and belief, Defendant records all of its outbound telephone calls, including the call between Plaintiff and Defendant described above.

33.  Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked and upset that Defendant recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

34.  California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A.
FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE

transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

35. As such, California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

36. Defendant recorded or otherwise made an unauthorized connection to Plaintiff's conversation with Defendant and its employees in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

37. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

38. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the calls would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

39. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent.  Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

40. Defendant, and its employees and agents, surreptitiously recorded at least, but not limited to, one call made by Defendant to Plaintiff.  At no time before the call or during the call was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the calls would be

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

1    recorded.

2    41.   As a result thereof, Plaintiff has been damaged.

3    42.   Plaintiff seeks statutory damages and injunctive relief under California Penal
4          Code § 637.2.

5    43.   Through these same calls as well as at least two emails after the LOR,
6          Defendant also violated 15 U.S.C. § 1692c(a)(2) by communicating with
7          Plaintiff despite knowledge that Plaintiff was represented by DGS with regard
8          to Plaintiff's alleged debt.   This section is incorporated into the RFDCPA
9          through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code §
10         1788.17.

11   44.   Through this conduct, Defendant violated 15 U.S.C. § 1692c(c) by contacting
12         Plaintiff after a cease and desist demand was received.   This section is
13         incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.   Thus,
14         Defendant has violated Cal. Civ. Code § 1788.17.

15   45.   Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in
16         conduct the natural consequence of which is to harass, oppress and abuse
17         Plaintiff in connection with the collection of Plaintiff's alleged debt.   This
18         section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.
19         Thus, Defendant has violated Cal. Civ. Code § 1788.17.

20   46.   Through this conduct, Defendant violated 15 U.S.C. § 1692d(5) by causing
21         Plaintiff's telephone to ring repeatedly and continuously with the intent to
22         annoy, abuse and harass Plaintiff in connection with the collection of
23         Plaintiff's alleged debt. This section is incorporated into the RFDCPA through
24         Cal. Civ. Code § 1788.17.   Thus, Defendant has violated Cal. Civ. Code §
25         1788.17.

26   47.   Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair
27         and unconscionable means to collect Plaintiff's debt.   This section is

28

incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

48. Said conduct also constitutes violations of Cal. Civ. Code §§ 1788.11(d); and, 1788.11(e)

49. Through this conduct, Defendant violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff despite being previously informed in writing that Plaintiff was a represented party with respect to Plaintiff's alleged debt.

50. As stated above, this continued contact constitutes a violation of Cal. Civ. Code § 1788.17 through incorporation of 15 U.S.C. §§ 1692c(a)(2); and, 1692c(c) as well as Cal. Civ. Code § 1788.14(c).

51. On information and belief, Defendant used an "automatic telephone dialing system" ("ATDS", as defined by 47 U.S.C. § 227(a)(1) to place calls to Plaintiff's cellular telephone as prohibited by 47 U.S.C. § 227(b)(1)(A).

52. This ATDS is believed to have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

53. On information and belief, Defendant's telephone system utilized to contact Plaintiff is a predictive dialer.

54. This is apparent because as referenced above, when Plaintiff answered at least three of the aforementioned calls, Plaintiff was greeted with silence prior to a representative answering the line.

55. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

56. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

57. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A. FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

1  cellular telephone as described herein.

2  58. Even if Defendant initially had "prior express consent" to contact Plaintiff,

3     said consent was revoked by Plaintiff via the LOR.

4  59. To date, Plaintiff has received approximately ten autodialed telephone calls on

5     her cellular telephone from Defendant.

6  60. These telephone communications by Defendant, or its agent, violated 47

7     U.S.C. § 227(b)(1).

8  61. Plaintiff also believes and thereon alleges that Defendant owed various duties

9     to Plaintiff pursuant to the CIPA, RFDCPA, and TCPA.

10 62. Defendant owed a duty to Plaintiff with regard to its manner of debt collection

11    practices.

12 63. Defendant owed Plaintiff a duty with regard to informing Plaintiff that

13    Plaintiff's telephone conversations with Defendant were being recorded.

14 64. Defendant owed Plaintiff a duty to honor the demands as set forth in the LOR

15    sent by DGS.

16 65. Through Defendant's conduct, Defendant breached Defendant's statutory and

17    common law duties by engaging in the acts described herein each in violation

18    of the CIPA; RFDCPA; and TCPA.

19 66. Defendant is the actual and legal cause of Plaintiff's injuries.

20 67. Plaintiff has suffered emotional distress as a proximate cause of Defendant's

21    negligence.

22 68. Through the conduct alleged herein, Defendant breached Defendant's duties

23    in an oppressive, malicious, despicable, gross and wantonly negligent manner.

24 69. Through this conduct Defendant consciously disregarded Plaintiff's rights.

25 70. Plaintiff did not consent to Defendant calling Plaintiff on Plaintiff's cellular

26    telephone at any relevant time referenced herein or to being recorded.

27 71. Defendant's conduct was a substantial factor in causing Plaintiff's harm, in

28

*KAZEROUNI LAW GROUP, APC*
*1303 EAST GRAND AVE, STE 101*
*ARROYO GRANDE, CA 93420*

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A.**
**FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

1    that Defendant's conduct caused Plaintiff unnecessary stress and anxiety.

72. Through this conduct Defendant has caused Plaintiff damages including but not limited to aggravation, inconvenience and emotional distress.

## FIRST CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7 (CIPA)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff..

75. At all relevant times hereto, Defendant intentionally and surreptitiously recorded at least one cellular telephone call between Defendant and Plaintiff.

76. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff that her cellular telephone communications with Defendant would be recorded.

77. Defendant failed to obtain consent of Plaintiff prior to recording their cellular telephone conversation(s).

78. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

79. Plaintiff is entitled to recover actual and statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

80. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

*Ho v. Citibank, N.A.*

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A. FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32

## (RFDCPA)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

83. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## THIRD CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *ET SEQ.*

## (TCPA)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*.

86. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

87. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct

in the future.

## FOURTH CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

### (TCPA)

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*.

90. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

91. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the CIPA, RFDCPA, and TCPA.

94. Specifically, Defendant owed a duty to refrain from engaging in debt collection activities that are in violation of various state and federal laws as discussed herein.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A.**
**FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

95.  Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the CIPA, RFDCPA, and TCPA.

96.  Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

97.  Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered emotional distress.

98.  Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;
- Costs of suit incurred herein;
- Punitive damages according to proof as to the Fifth Cause of Action against Defendant; and,
- Any and all other relief the Court deems just and proper

### TRIAL BY JURY

99.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: January 25, 2018                    Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**

                                           By: sAbbas Kazerounian, Esq.
                                           ABBAS KAZEROUNIAN, ESQ.
                                           AK@KAZLG.COM
                                           ATTORNEY FOR PLAINTIFF

**PLAINTIFF JENNY HO'S COMPLAINT FOR DAMAGES AGAINST DEFENDANT CITIBANK, N.A. FOR VIOLATIONS OF CIPA, RDFDCPA, TCPA, AND NEGLIGENCE**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420